IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFF BRISK, DIANA PETERSON, WYATT RYAN JOHNSON, the Heirs of MISTY JOHNSON, deceased,<br><br>　　Plaintiffs,<br><br>vs.<br><br>CRAIG CAROLL, VICTORIA DICKINSON, RICHARD EHLERT, TRACY MAESTAS, SHAWNA MCCARLEY, JARED NELSON, RANDY KIM OLIVER, M.D., SALLY RANDAL, R.N., SYD SHOELL, R.N., RYAN WAITE, MARK WORTHINGTON, LPN, AND JOHN DOES 1-10,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT<br><br><br>Case No. 2:06-CV-57 TS |

　　This matter is before the Court on Plaintiffs' Motion to Amend and Plaintiffs' Motion to Remand to State Court. For the reasons discussed below, the Court will grant Plaintiffs' Motion to Amend and will remand this case to state court. As a result, the Court will not reach the unanimity issues raised in Plaintiffs' Motion to Remand.

## I.  BACKGROUND

Plaintiffs originally filed this action in state court alleging two separate causes of action: (1) a violation of 42 U.S.C. § 1983; and (2) a violation of Article I, Section 9 of the Utah constitution.  All Defendants, except for Craig Carroll,[1] filed a Notice of Removal to this Court.  Plaintiffs filed a Motion to Remand, arguing that all Defendants did not join in the Notice of Removal.  Plaintiffs have also filed a Motion to Amend their Complaint.  Plaintiffs seek to remove their federal law claim in order to "streamline" this case and so that this matter may be remanded to state court.

## II.  DISCUSSION

### A.  MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) states that after a responsive pleading is served "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."[2]  The Supreme Court has stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[3]  The Court finds that none of the reasons to prevent amendment given by the Supreme Court are present here.  Therefore, Plaintiffs' Motion to Amend Complaint is granted.

---

[1] It appears that Mr. Carroll has not yet been served with the Complaint in this matter.

[2] Fed.R.Civ.P. 15(a).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

B. MOTION TO REMAND TO STATE COURT

As amended, Plaintiffs' Complaint contains a single cause of action under Article I, Section 9 of the Utah constitution. Plaintiffs request the Court remand this action back to state court.

It is within the discretion of the district court to remand an action to state court when a plaintiff amends the complaint to eliminate federal questions that form the basis for removal.[4]

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.[5]

The Supreme Court in *Carnegie-Mellon* stated that "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."[6] The Court concluded that the district court had the power to remand the case to state court upon a proper determination that retaining jurisdiction over the case would be inappropriate.[7]

Here, Plaintiffs have amended their Complaint to remove the single federal-law claim. This amendment comes early in this litigation and before substantial discovery in this case

---

[4] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

[5] *Id*. at 350 (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)) (footnote omitted).

[6] *Id*. at 351.

[7] *Id*. at 357.

began.  As noted by Plaintiffs, this action involves parties who are all residents of Utah and now only one state-law claim remains.  Considering the values of judicial economy, convenience, fairness, and comity, the Court finds that it would be inappropriate to retain jurisdiction over this matter, now that the single federal-law claim has been eliminated.  Therefore, the Court will remand this matter to state court.  As a result, the Court need not discuss the unanimity issues raised in Plaintiffs' Motion to Remand.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Amend Complaint (Docket No. 14) is GRANTED.  It is further

ORDERED that Plaintiffs' to Remand to State Court (Docket No. 8) is GRANTED.  It is further

ORDERED that the hearing set for June 1, 2006, at 3:00 p.m. is VACATED.

The Clerk of the Court is directed to close this case.

DATED   May 9, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge